IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **NICHOLE COSENS-WAGAMAN,** | * | |
| *Plaintiff,* | * | |
| v. | * | Civil Case No: 1:23-cv-01953-JMC |
| **MARYLAND DEPARTMENT OF PUBLIC SAFETY AND CORRECTIONAL SERVICES,** *et al.,* | * | |
| | * | |
| *Defendants.* | | |

\* \* \* \* \* \* \* \* \* \* \*

**MEMORANDUM OPINION AND ORDER
GRANTING PLAINTIFF'S MOTION TO FILE FIRST AMENDED COMPLAINT**

Plaintiff filed the above-captioned case in the Circuit Court for Baltimore City on May 30, 2023, alleging sexual harassment, a hostile work environment, and retaliation in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, and the Maryland Fair Employment Practices Act ("FEPA"), Md. Code Ann., State Gov't § 20-606. (ECF No. 2). Defendants then removed the matter to this Court, asserting jurisdiction under 28 U.S.C § 1331 and § 1343. (ECF No. 1). On September 17, 2024, Defendant filed a Motion for Summary Judgment. (ECF No. 36). In reviewing the parties' summary judgment memoranda, the Court identified a potential issue regarding subject matter jurisdiction: although Plaintiff had referenced Title VII in her Complaint, both Counts solely alleged violations of the Maryland FEPA. (ECF No. 2 at 13-14).

When Plaintiff first filed her lawsuit, she represented that she had not yet received a Notice of Right to Sue from the EEOC, and would amend her complaint to include her Title VII claims once it was received. *Id.* at 3. Plaintiff did not amend her complaint, and so at the time of summary judgment briefing, the only causes of action plead arose under state law, despite the Court's

1

jurisdictional basis being federal question jurisdiction under 28 U.S.C § 1331 and § 1343.[1] The Court therefore ordered the parties to submit briefs on the issue of subject mater jurisdiction, but noted that the jurisdictional deficiencies might be resolved by Plaintiff simply amending her complaint. (ECF No. 50).

Plaintiff filed a Motion for Leave to File a First Amended Complaint on March 5, 2025, seeking to add claims for hostile work environment and retaliation under Title VII, allegations pertaining to administrative exhaustion, and new factual allegations in support of her retaliation claims which purportedly occurred in September 2024, after the close of discovery. (ECF No. 51 at 1). Plaintiff's proposed amendments also remove Warden Bivens as a defendant in this matter. Defendants filed a Response on March 19, 2025, indicating that they do not oppose Plaintiff's motion. (ECF No. 52 at 1). Defendants further note that in light of the additional allegations set forth in Plaintiff's amended complaint, the parties have conferred and intend to jointly file a motion with the Court seeking a new scheduling order, which would include re-opening discovery. *Id.* at 2.

Plaintiff's Motion for Leave to File a First Amended Complaint is unopposed and will therefore be granted. In light of the new allegations set forth in Plaintiff's Amended Complaint, the Court will also consider a reasonable modification of the scheduling order deadlines, to include

---

[1] § 1331 confers district courts "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331; *see also Exxon Mobil Corp. v. Allapattah Servs. Inc.*, 545 U.S. 546, 552 (2005). This is often referred to as "federal question" jurisdiction.[1] § 1343 is the "jurisdictional counterpart" of 42 U.S.C. § 1983, and grants federal courts jurisdiction over certain cases involving the deprivation of civil rights, including those "secured by the Constitution of the United States or by any Act of Congress providing for equal rights of citizens[.]" 20 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure Deskbook* § 24 (2d ed. 2023); 28 U.S.C. § 1343.

re-opening discovery. Accordingly, it is this 19th day of March, 2025, by the United States District Court for the District of Maryland, ORDERED that:

1) Plaintiff's Motion for Leave to File a First Amended Complaint (ECF No. 51) is GRANTED; and

2) Plaintiff shall file a copy of the First Amended Complaint on the public docket within seven (7) days of the entry of this Order; and

3) The Clerk is directed to terminate Warden Carlos D. Bivens as a party in this action; and

4) The parties shall confer and file a proposed scheduling order for the Court's consideration within fourteen (14) days of the entry of this Order.

IT IS SO ORDERED.

/s/
_____
J. Mark Coulson
United States Magistrate Judge