**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| **NICHOLE COSENS-WAGAMAN,** | * | |
| *Plaintiff*, | * | |
| v. | * | Civil Case No. 1:23-cv-01953-JMC |
| **MARYLAND DEPARTMENT OF PUBLIC SAFETY AND CORRECTIONAL SERVICES,** | * | |
| | * | |
| *Defendant*. | * | |
| | * | |

* * * * * * *

**MEMORANDUM OPINION AND ORDER**

This case is before me for all proceedings by the consent of the parties pursuant to 28 U.S.C. § 636(c). (ECF Nos. 15, 20, 21). Now pending before this Court are Plaintiff Nichole Cosens-Wagaman's ("Plaintiff") Motion in Limine (ECF No. 90), Defendant Maryland Department of Public Safety and Correctional Services' ("Defendant") Motion in Limine to Preclude Reference to Pauluic's Alleged Harassment (ECF No. 91), and Defendant's Motion in Limine to Exclude Evidence of Wetzel's Prior Acts (ECF No. 92) which in total consist of seven pretrial topics. The parties have filed their respective oppositions and responses, as described in detail below. No hearing is needed. *See* Loc. R. 105.6 (D. Md. 2025). For the reasons set forth more fully below, Plaintiff's Motion in Limine is GRANTED in part and DENIED in part, Defendant's Motion in Limine to Preclude Reference to Pauluic's Alleged Harassment is DENIED, and Defendant's Motion in Limine to Exclude Evidence of Wetzel's Prior Acts is GRANTED.

## I. RELEVANT BACKGROUND

The Maryland Department of Public Safety and Correctional Services employed Nichole Cosens-Wagaman on October 10, 2018. (ECF No. 65-2 at 4). Plaintiff alleges that she has been subjected to sexual harassment, a hostile work environment, and retaliation in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e and the Maryland Fair Employment Practices Act ("FEPA"), Md. Code Ann., State Gov't § 20-606. *Id*. She asserts that three different correctional officers with whom she worked sexually harassed her with "crude sexual comments, unwanted sexual advances, and threats against her employment." (ECF No. 56 at 3). This Court dismissed her allegations against one of the three correctional officers. (ECF No. 85 at 10-14).

## II. PLAINTIFF'S MOTIONS IN LIMINE

### *a. Motion in Limine to Exclude Testimony of Defendant's Retained Psychiatric Expert*

Plaintiff moves to exclude the opinion testimony of Defendant's retained psychiatric expert, Dr. Christiane Tellefsen, M.D. In the alternative, Plaintiff seeks to preclude the expert from "(a) offering any diagnostic opinion concerning Plaintiff, (b) opining that Plaintiff's emotional distress is attributable to causes other than the conduct at issue, and (c) reciting to the jury the underlying historical records and personal-history material on which the opinion purports to rest." (ECF No. 90 at 1). Plaintiff argues that her claim for emotional-distress damages proceeds on a garden-variety basis and will be "established through Plaintiff's own testimony and that of lay witnesses." *Id*. Plaintiff does not intend to offer a clinical diagnosis, proffer expert psychiatric causation testimony, or place the etiology of the diagnosed condition at issue." *Id*. Thus, Plaintiff insists that Defendant's psychiatric opinion does not "help the trier of fact to understand the evidence or to determine a fact in issue." *Id*. at 2.

*Defendant's Opposition*

Defendant argues that Plaintiff does not attack Dr. Tellefsen's "qualifications or scientific, technical, or other specialized knowledge." (ECF No. 99 at 3). Defendant claims that Plaintiff is likely to testify about the emotional distress she suffered due to the alleged sexual harassment. Although, Plaintiff argues that there is no dispute as to the cause of her distress, Defendant insists that her testimony and that of her mental health practitioner will "likely not reveal the entire story to the jury." *Id*. at 4. Plaintiff has a history of mental health issues and diagnoses and had other stressors in her life around that time, which are "potential other causes of the physical and emotional effects" that Plaintiff associates with the alleged sexual harassment. *Id*. Thus, Defendant insists that Dr. Tellefsen's testimony should be admitted because it will assist the jury in understanding "the evidence or to determine a fact in issue." *Id*.

*Analysis*

Plaintiff's case is a typical Title VII case that alleges so-called "garden variety" emotional distress which does not require expert testimony. *See generally Ricks v. Abbott Labs*., 198 F.R.D. 647 (D. Md. 2001). This is consistent with Federal Rule of Evidence ("Rule") 702 which permits expert testimony if the expert's "scientific technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue." "When emotional distress is unusually severe or alleged in clinical terms, or when another party intends to offer expert testimony about the distress, the testimony of an expert would help the trier of fact understand the nature, severity, and characteristics of the emotional distress." *Ricks*, 198 F.R.D. at 649. However, a trier of fact does not need help from an expert to understand "the ordinary grief, anxiety, anger, and frustration that any person feels when something bad happens." *Id*. "Most triers of fact are already experts in that." *Id*.; *Compare De Kuoadio v. Nteligen*, LLC, No. 1:26-CV-00451-JRR, 2026 WL 2603025 at *3 (D. Md. Sept. 3, 2026) (finding that Plaintiff put into controversy

emotional distress beyond the 'garden variety' sort that 'everyone experiences' by alleging severe mental health disabilities including major depressive disorder, severe anxiety, and suicidal ideation). ""Rule 702 makes inadmissible expert testimony as to a matter which obviously is within the common knowledge of jurors because such testimony, almost by definition, can be of no assistance." *Scott v. Sears, Roebuck & Co*., 789 F.2d 1052, 1055 (4th Cir. 1986).

Here, Plaintiff seeks a claim for emotional distress damages due to "emotional pain and suffering, embarrassment, anxiety, stress, depression, humiliation, loss of enjoyment of life, and violation of her dignity." (ECF No. 56 at 18). Therefore, Defendant is prohibited from offering expert testimony on this kind of emotional distress, as Plaintiff's claims arguably fall within the scope of common knowledge for jurors. Since Plaintiff does not place her emotional distress in controversy by offering clinical diagnoses, proffering expert psychiatric causation testimony, or placing the etiology of any diagnosed condition in issue, Defendant's expert testimony will intrude on the jury's role of assessing credibility. *See United States v. Lespier*, 725 F.3d 437, 449 (4th Cir. 2013) (finding that in the absence of unusual circumstances, Rule 702 renders inadmissible expert testimony on issues of witness credibility). Thus, Defendant can address Plaintiff's testimony without an expert. *See generally Jarrar v. Harris*, No. CV07-3299-CBA/JO, 2008 WL 2946000 (E.D.N.Y. July 25, 2008) (finding that Defendant did not need to proffer expert testimony to meet Plaintiff's testimony for a garden-variety emotional distress claim). Accordingly, Plaintiff's request is granted.

In granting this request, the Court emphasizes that this ruling in no way undermines the impressive credentials and expertise of Dr. Tellefsen, or the reliability of the scientific bases of her expert opinions. Rather, the Court's decision here is based solely on the limited lay scope of Plaintiff's expected testimony. The Court also cautions that in the event that Plaintiff opens the

door by moving beyond "garden variety" damages into specific diagnoses or scientific etiology beyond the ken of an average juror or offers her mental health records or treatment history, or testimony from any mental health provider in support of her claim, the Court will reconsider this ruling.

*b. Motion in Limine to Admit for a Limited Purpose the Finding of the Scott Internal Investigation*

Plaintiff moves to limit the admission of the "finding" from Defendant's internal investigation concerning Officer Scott. Plaintiff intends to use the finding to demonstrate "Defendant's disparate investigative and disciplinary practices," which they argue is permissible under Rule 404(b)(2) (ECF No. 90 at 2-3). Plaintiff seeks to prohibit Defendant from offering or arguing that the finding shows that "Plaintiff acted in conformity with a character or propensity to commit harassment, that Plaintiff is a "harasser," or that the finding renders Plaintiff's own claims less credible." *Id*. at 3. Therefore, Plaintiff seeks a limiting instruction under Rule 105.

*Defendant's Opposition*

Defendant claims that sexual harassment cases turn "largely on credibility determinations." (ECF No. 99 at 5). Defendant asserts that the fact that Plaintiff "sexually harassed another correctional officer around the same time and in the same place that she alleges that she was sexually harassed goes to her credibility and truthfulness." *Id*. Defendant insists that the jury is entitled to consider the totality of the circumstances before issuing judgment. Defendant also claims that the investigation is relevant as it shows that Defendant conducts thorough sexual harassment investigations and when the facts are corroborated, the Department holds aggressors accountable. *Id*.

*Analysis*

The Court agrees with Plaintiff that Defendant is precluded from offering or admitting the finding as proof that Plaintiff acted in conformity with a character or propensity to "harass" others in the workplace. *See* Fed. R. Evid. 404(a)(1). However, the Court also finds that both parties are permitted to offer the finding to prove or refute the reasonableness and adequacy of the Department's response to Plaintiff's complaints. While Plaintiff can use the finding to show the disparity between Defendant's resolution of complaints made by Plaintiff and its resolution of a complaint made against Plaintiff, Defendant can refute their argument and show that its policies and investigation protocols do not create a double standard. Both uses of the finding are relevant to the claims at issue, specifically the reasonableness of Defendant's anti-harassment policy. *See* Fed. R. Evid 402; *see also* (ECF No. 56 at 13-14). Accordingly, Plaintiff's request is granted, and the Court will make an appropriate limiting instruction.

*c. Motion in Limine to Limit Inquiry into the Status of Witness Sgt. Mikhov*

Plaintiff moves to allow Defendant to establish, for purposes of bias, that Sgt. Mikhov and Plaintiff were in a romantic relationship, but preclude them from discussing other paramours that Sgt. Mihov may now have or had in the past including during his marriage or Plaintiff's marital status. (ECF No. 90 at 3). Plaintiff argues that although a romantic relationship between a witness and a party is a proper subject of bias impeachment, the source of the bias is the relationship itself, not the witness's marital status. *Id*. Plaintiff insists that the inclusion of the witness's marital status has a "negligible incremental probative value on bias and carries a substantial danger that the jury will impose a moral-character penalty on Plaintiff." *Id*. Plaintiff also argues that the marital status of Sgt. Mikhov cannot be admitted as character evidence of truthfulness because "an extramarital affair, standing alone, is not probative of truthfulness." *Id*.

*Defendant's Opposition*

Defendant argues that because sexual harassment cases turn "largely on credibility determinations," the facts concerning Plaintiff's extramarital affair, pursuant to Rule 608(b)(1), should be presented to the jury for the jury to determine whether it impacts their truthfulness. (ECF No. 99 at 5).

*Analysis*

The Court agrees with Plaintiff that Defendant should be allowed to establish, for purposes of bias, that Sgt. Mikhov and Plaintiff were in a romantic relationship. *United States v. Abel*, 469 U.S. 45, 52 (1984) ("Proof of bias is almost always relevant because the jury, as finder of fact and weigher of credibility, has historically been entitled to assess all evidence which might bear on the accuracy and truth of a witness's testimony."). The Court also agrees that Defendant should be precluded from admitting the witness's or Plaintiff's marital status as character evidence of truthfulness.

Defendant cites Rule 608 which provides that "a court may, on cross-examination, allow them [specific instances of a witness's conduct] to be inquired into if they are probative of the character for truthfulness or untruthfulness of ... the witness." However, courts have held that evidence that a witness engaged in an extramarital affair, standing alone, is not probative of the witness's character for truthfulness. *See Robinson v. Canon U.S.A.,* Case No. 99-0339-CV-W-3, 2000 WL 564203, at *2 (W.D. Mo. April 6, 2000) (finding that evidence of plaintiff's extramarital affair had no bearing on their truthfulness).

Furthermore, any probative value provided by evidence of Sgt. Mikhov's or Plaintiff's extramarital affair is outweighed by the substantial danger of prejudice. Rule 403 permits the court to exclude evidence if its probative value is substantially outweighed by the danger of unfair prejudice. The Court finds that not only is evidence of Sgt. Mikhov's or Plaintiff's marital status

not relevant to the claims and defenses in this case but also carries a substantial risk of unfair prejudice and has minimal probative value.

Defendant clearly states that they seek to offer the fact that Plaintiff and the witness engaged in an extramarital affair to the jury for the jury to determine whether it impacts the witness's truthfulness. Defendant also do not offer adequate explanation or any additional purpose for the inquiry; accordingly, Plaintiff's request is granted.

*d. Motion in Limine to Preclude Evidence or Argument that Plaintiff's Personal History reflects "Welcomeness"*

Plaintiff moves to preclude Defendant from offering evidence or argument suggesting that "Plaintiff's personal history, prior relationships, or other conduct reflects that Plaintiff welcomed or invited the harassing conduct at issue." (ECF No. 90 at 4). Plaintiff argues that *Meritor Sav. Bank, FSB v. Vinson*, 477 U.S. 57, 68–69 (1986) and Rule 412 foreclose evidence offered to prove Plaintiff's "sexual behavior or predisposition, including evidence related to mode of dress, speech, or lifestyle, unless its probative value substantially outweighs the danger of harm to the victim and unfair prejudice, and unless the proponent has complied with Rule 412(c)." *Id*. Therefore, Plaintiff insists that because "welcomeness" is not fairly contested on the facts of the harassment at issue, any suggestion that Plaintiff's history welcomed the alleged conduct violates Rule 412.

*Defendant's Opposition*

Defendant argues that Plaintiff incorrectly relies upon *Vinson*. Defendant insists that the Court explained that evidence of the complainant's speech or dress may be relevant as to whether the complainant found sexual advances welcome. *See* (ECF No. 99 at 6). The fact that Plaintiff "engaged in an extramarital affair with another married person and sexually harassed another correctional officer are part of the record as a whole that the jury should consider." *Id*. Defendant

also insists that the fact that the alleged conduct occurred in the workplace further supports its "relevance and admissibility for the jury's consideration." *Id*. Lastly, Defendant argues that their rationale is consistent with Rule 412(b)(2) because the probative value of the evidence, the presentation of the totality of the circumstances to the jury, which is permitted in a hostile work environment case, substantially outweighs any danger of unfair prejudice. *See id*. at 7.

*Analysis*

Pertaining to Title VII claims, "the gravamen … is that the alleged sexual advances were "unwelcome."" *Vinson,* 447 U.S. at 68. The inquiry is whether Plaintiff indicated by her "conduct that the alleged sexual advances were unwelcome, not whether her actual participation in sexual intercourse was voluntary." *Id.* Defendant is correct that this question "turns largely on credibility determinations committed to the trier of fact." *Id*. For example, a "complainant's sexually provocative speech or dress" is relevant as "the trier of fact must determine the existence of sexual harassment in light of 'the record as a whole' and 'the totality of circumstances,' such as the nature of the sexual advances and the context in which the alleged incidents occurred." *Id*. at 69 (citing 29 CFR § 1604.11(b) (1985)).

According to the Advisory Committee Notes, Rule 412 affords increased protection to "alleged victims ... to safeguard … against the invasion of privacy, potential embarrassment, and sexual stereotyping that is associated with public disclosure of intimate sexual details and the infusion of sexual innuendo into the fact-finding process." However, "the court may admit evidence offered to prove a victim's sexual behavior or sexual predisposition if its probative value substantially outweighs the danger of harm to any victim and of unfair prejudice to any party." Fed. R. Evid. 412(b)(2).

The Court will permit Defendant to offer evidence that will help the trier of fact determine whether Plaintiff found 'particular sexual advances' unwelcome, but Defendant will still not be permitted to offer evidence as to Sgt. Mikhov's or Plaintiff's marital status for the reasons already indicated, or that her romantic relationship with him (while admissible to prove bias) is evidence that she welcomed the unwanted advances of others. *See Stacks v. Southwestern Bell Yellow Pages, Inc.*, 27 F.3d 1316, 1327 (8th Cir. 1994) (finding that the District Court erred by focusing on Plaintiff's private life, including her affair with a married coworker); *see also Howard v. Historic Tours of Am.*, 177 F.R.D. 48, 52 (D.D.C. 1997) (finding that a woman's sexual relationship with one coworker does not welcome the sexual behavior of other co-workers). Plaintiff is again reminded not to open the door to such evidence.

Defendant is also precluded from offering evidence that Plaintiff sexually harassed another correctional officer *to prove* "welcomeness" because the jury is likely to attribute it to Plaintiff's "sexual predisposition," which is prohibited. *See* Fed. R. Evid. 412(a)(2).

Defendant is encouraged to exercise caution but is permitted to offer other evidence that adheres to Rule 412 and will help the trier of fact as to whether the conduct was unwelcome. Accordingly, Plaintiff's request is denied in part.

*e. Plaintiff's Motion in Limine to Preclude Defendant from Using Plaintiff's Personal History to Attack her Character or Credibility*

Plaintiff moves to preclude Defendant from using Plaintiff's personal employment history, traumatic events, or historical mental health treatment for improper use. (ECF No. 90 at 4). Plaintiff insists that such a showing by Defendant would violate Rules 404(a)(1) and 608.

*Defendant's Opposition*

Defendant argues that Plaintiff's assertion that their use of the records would be improper is "ambiguous and does not identify how the Defendant will improperly use the information." (ECF No. 99 at 7). Defendant points out that Plaintiff intends to admit her mental health records[1] permitting "the jury to make any reasonable inferences that they believe are supported by the facts." *Id*. Therefore, if the jury believes that Plaintiff's personal history may have contributed to or caused her emotional distress, they should be entitled to consider such information. *Id*.

*Analysis*

The Court agrees that Plaintiff's argument is ambiguous and does not adequately explain Defendant's purported intent to improperly utilize Plaintiff's personal history in its defense. The Court finds it reasonable to allow Defendant to offer evidence from Plaintiff's records to meet and refute other explanations for her claimed damages. The Court again reminds Plaintiff that to the extent she in fact relies upon her mental health history, treatment, and/or records, the Court will reconsider its ruling regarding Dr. Tellefsen. Accordingly, Plaintiff's request is denied

## III. DEFENDANT'S MOTIONS IN LIMINE

### *a. Motion in Limine to Preclude Reference to Pauluic's Alleged Harassment*

Pursuant to Rules 402 and 403, Defendant moves to preclude any reference(s) to Sgt. Pauluic's alleged harassment because the Court expressly dismissed the claims against him, making any references not relevant. (ECF No. 91 at 2). Thus, references to Sgt. Pauluic's alleged harassment will be highly prejudicial and provide no probative value to the remaining claims. *Id*.

*Plaintiff's Opposition*

[1] It is not clear to the Court that Plaintiff intends to admit her mental health records. To the extent she does, she will be opening the door to the extent the Court will reconsider its ruling excluding Dr. Tellefsen's testimony.

Plaintiff argues that they do not object to an instruction limiting the jury's consideration of any evidence or testimony related to Sgt. Pauluic. (ECF No. 98 at 1). Plaintiff claims that there are "three sufficient independent uses of the evidence, and each bear on a claim or defense that will be tried:

(a) Plaintiff's October 2022 report concerning Sgt. Pauliuc is protected activity and an element of her surviving retaliation claims;

(b) The Department's response to that report — an investigation that sustained a violation of the Department's own Standards of Conduct and produced no discipline — is evidence of the Department's negligence, which Defendant has placed at issue by pleading reasonable care and an effective policy as affirmative defenses; and

(c) Defendant itself relied on the Pauliuc investigation as affirmative proof of its own reasonable care in moving for summary judgment."

*Id*.

*Analysis*

Plaintiff has persuaded the Court that evidence concerning Sgt. Pauluic can be considered by the jury on a limited basis with an appropriate limiting instruction. This Court previously dismissed all claims against Sgt. Pauluic because Plaintiff failed to exhaust her administrative remedies. *See generally* (ECF No. 85). However, the Court agrees with Plaintiff that even though acts that occur outside the filing period are not actionable, for purposes of determining liability, they can "constitute relevant background evidence in a proceeding in which the status of a current practice is at issue." *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 112 (2002) (quoting *United Air Lines, Inc., v. Evans*, 431 U.S. 553, 558 (1997)). Defendant is correct that Plaintiff is procedurally barred from pursuing her allegations against Sgt. Paulic, but Plaintiff's complaint concerning Sgt. Pauluic is relevant and falls squarely within the timeline of her other timely and

actionable claims and therefore can be used as supporting background evidence. Accordingly, Defendant's request is denied.

*b. Motion in Limine to Exclude Evidence of Wetzel's Prior Acts*

Pursuant to Rules 402, 403, and 404(b)(1), Defendant moves to exclude any reference to information concerning Mr. Wetzel and any employees other than Plaintiff because it is not relevant, unduly prejudicial, and not admissible as a prior wrong. (ECF No. 92 at 2). Defendant agrees that Plaintiff, to establish a claim for a hostile work environment of sexual harassment, must present evidence showing that they were subjected to unwelcome conduct. However, Defendant argues that providing evidence of Mr. Wetzel's prior acts is not relevant to whether Plaintiff endured such unwelcome conduct as it will violate Rule 404(b)(1). Defendant insists that even if the Court finds the evidence to be relevant, "the probative value is substantially outweighed by a danger of unfair prejudice, confusion of the issues, misleading the jury, or providing unnecessary cumulative evidence." *Id*. at 3.

*Plaintiff's Opposition*

Plaintiff argues that Defendant's request "sweeps far too broadly." (ECF No. 97 at 1). Plaintiff insists that the granting of Defendant's request will contradict this Court's ruling that "Defendant's knowledge of Sgt. Wetzel's conduct is a genuine dispute for trial." *Id*. Also, Plaintiff intends to offer evidence of Sgt. Wetzel's prior acts for non-propensity purposes of establishing Defendant's "knowledge, the reasonableness of its response, and the selective enforcement of its own policies." *Id*. Defendant is expected to argue at trial that its "anti-harassment policy was effective and its response reasonable," of which Plaintiff seeks to refute. *Id*.

*Analysis*

Plaintiff is precluded from referencing any information concerning Mr. Wetzel's prior acts with other employees because it is not relevant and will be unduly prejudicial. *See* Fed. R. Evid. 402 and 403. The Court disagrees that Mr. Wetzel's prior acts from 2016 are relevant to Plaintiff's Title VII claim and her need to establish that *she* was subjected to unwelcome conduct and that Defendant had the requisite knowledge. *See* (ECF No. 85 at 25) (emphasis added). Even if the evidence was relevant, the admission of Mr. Wetzel's prior acts is likely to mislead the jury because jurors are likely to construe that Mr. Wetzel acted in conformity with these past acts and is a "bad" person. *See* Fed. R. Evid. 403. Accordingly, Defendant's request is granted.

## IV. CONCLUSION

For the reasons set forth above, Plaintiff's Motion in Limine is GRANTED in part and DENIED in part, Defendant's Motions in Limine to Preclude Reference to Pauluic's Alleged Harassment is DENIED, and Defendant's Motion in Limine to Exclude Evidence of Wetzel's Prior Acts is GRANTED. To the extent this Court has ruled that a limiting instruction is appropriate, the parties should confer and present the Court with instructions for consideration.

Date: September 24, 2026

/s/

J. Mark Coulson
United States Magistrate Judge